WALTER FOSTER, APPELLEE, V. KARL LEY ET AL.,
APPELLANTS.

[FILED JULY 1, 1891.]

Real Estate: CONTRACT FOR SALE: FORFEITURE.    In an action
     by F. against L. and B. for specific performance of contract to
     purchase lots 8, 9, and 10, in the town of Norfolk, without an
     expressed condition of forfeiture, *held*, that though time was
     not of the essence of the contract, in the first instance, suffi-
     cient demand and notice having been given defendants, and the
     plaintiff having proffered his deed, the defendants should exe-
     cute their contract or forfeit all equities and title to the prem-
     ises.

APPEAL from the district court for Madison county.
Heard below before POWERS, J.

*H. C. Brome,* for appellants.

*Holmes & Hayes, contra.*

See opinion for citations of counsel.

COBB, CH. J.

On November 20, 1888, appellee filed his amended petition in the district court, alleging that on February 11, 1888, he was the owner in fee of real estate situate in said county as follows: Lots eight (8), nine (9), and ten (10) in Bear's addition to the city of Norfolk.

Second—That on the 11th day of February, 1888, plaintiff entered into contract for the sale of said premises to one C. Tuley Beezley, a copy of which said contract is hereto attached marked "Exhibit A," which said contract was, on the 15th day of June, 1888, filed for record in the office of the county clerk of said county, and is recorded in book 14 of deeds, at page 154, of the records of said county.

Third—That on the 22d day of February, 1888, the interest of said C. Tuley Beezley in and to said contract and the said premises therein described was transferred by written assignment to the defendants, a copy of which is hereto attached marked "Exhibit B," and on the 1st day of May, 1888, said assignment was filed for record in the office of the county clerk of said county, and is recorded in book 14 of deeds, at page 74, of the records of said county.

Fourth—That on the 15th day of June, 1888, at the time when by the terms of said contract the said defendants, as assignees of the interest of said C. Tuley Beezley, were required to pay to the said plaintiff the sum of $1,350, and to receive a deed to the said premises, and execute and deliver to plaintiff their notes, secured by mortgage on said premises for the balance of the purchase price. The plaintiff demanded of the said defendants a performance by them of the conditions of the contract, and offered and was ready to execute and deliver to the said defendants a warranty deed to said premises, clear of

all incumbrances, according to the terms of said contract; but the defendants refused to pay the sum of money and receive the said deed and execute said notes and mortgage according to the terms of said contract, by reason whereof the defendants forfeited all right and title in and to the said premises.

Fifth—The said contract and record thereof is ·a cloud upon the plaintiff's title to said premises.

Sixth—The plaintiff brings now into court, for the use of said defendants, a warranty deed to the said premises, clear of all incumbrances except the taxes for the years 1887 and 1888, to be delivered to the said defendants upon a performance by them of the terms of said contract.

Plaintiff therefore prays that the defendants be, by the court, required to perform the conditions of said contract, and pay into court for the use of this plaintiff the sum of $1,350, due and payable on the 15th day of June, 1888, together with interest from the 11th day of February, 1888, and to execute and deliver to the plaintiff their notes and mortgage, as required by the terms of said contract, and that upon the failure so to do, within the time to be named by the court, that the defendants be decreed to have forfeited all right under said contract and assignment; and that the said contract and record thereof and cloud thereby occasioned to the plaintiff's title be removed, and title to said premises be quieted in the plaintiff as against defendants and all other persons claiming under them, and for such other relief as may be just and equitable.

"Exhibit A" being a contract of sale, a copy of which was attached to said amended petition, and was as follows:

"EXHIBIT A.

"Bond for deed. Filed June 15, 1888, at 8 o'clock A. M.

"Know all men by these presents, that I, Walter Foster, of Norfolk, Madison county, Nebraska, am held and firmly bound unto C. Tuley Beezley, of Norfolk, Ne-

braska, in the penal sum of five thousand dollars, for the payment of which I bind myself firmly by these presents upon conditions as follows:

"Whereas, I, the said Walter Foster, have agreed to sell and convey unto the said C. Tuley Beezley, for the consideration of five thousand dollars, the following described premises, to-wit: lots eight, nine, and ten, in Bear's addition to the city of Norfolk, Nebraska, as appears on the duly recorded plat thereof now on file in the office of the county clerk of said county;

"And C. Tuley Beezley has agreed to purchase said premises, and to make payment as follows:

"One hundred and fifty dollars upon the delivery of this bond, $1,350 June 15, 1888, and interest on the whole amount of the purchase price unpaid, at eight per cent per annum from the 11th day of February, 1888, and to execute notes and mortgages upon the said premises for the remainder of the purchase money, notes to draw interest at eight per cent;

"Therefore, the condition of this obligation is such that if the above bounden Walter Foster will convey said premises by deed of general warranty and clear of all incumbrances except taxes of 1887 and 1888, unto the said C. Tuley Beezley, upon payment of said consideration at the time above stipulated, then this obligation to be void, otherwise to be and remain in full force and effect.

"Witness my signature hereto subscribed this 11th day of February, A. D. 1888.        WALTER FOSTER."

A general demurrer was filed to this petition and overruled, thereupon the defendants answered and "admit the allegations contained in the first, second, and third paragraphs of said petition. And, further answering, deny each and every allegation in said petition contained not herein specifically admitted."

The defendants further say that at the time of the execution of said contract, it was agreed by and between

plaintiff and C. Tuley Beezley, the person to whom said premises were sold, that on the 15th day of June, 1888, said Beezley should pay to said Foster the sum of $1,350 of the purchase price of said premises, and should at the same time execute and deliver to said Beezley a deed of general warranty to said premises conveying same to said Beezley, and that said Beezley should thereupon execute and deliver to plaintiff notes due two and three years, respectively, from the date thereof; said notes so agreed to be executed being two in number, each for $1,750, and secured by mortgage upon said premises. These defendants have at all times been and now are ready and willing to carry out said agreement upon the terms and conditions hereinbefore stated.

Further answering, the defendants aver that plaintiff has an adequate remedy at law herein; that these defendants are the owners of and entitled to the premises in controversy in this case; that plaintiffs have a lien upon said premises for the unpaid purchase money, and have no other or different interest in said premises.

On the 17th day of May, 1889, the cause came on for hearing upon the motion of plaintiff for judgment on the pleadings, no reply being filed. And for the purpose of making up the record, counsel for defendant admitted in open court that the tender of deed to the premises described in the petition, and the demand for a specific performance of the contract, was made by plaintiff, as stated in his amended petition. The court sustained said motion, and rendered judgment in favor of the plaintiff upon the pleadings: That the defendants pay to the plaintiff the sum of $1,350 with interest at the rate of eight per cent from February 11, 1888, upon the entire contract price of the property contracted to be sold, less the sum of $150, paid at the date of the contract, to-wit, $4,850, amounting in the aggregate to $1,691.47, and execute and deliver to the plaintiff their two promissory notes of $1,750 each, paya-

ble June 15, 1890, and 1891, with interest at eight per cent, secured by mortgage on the premises, and upon failure to pay the money and execute the notes and mortgage and receive from the plaintiff the deed to the premises as tendered into court within thirty days from this date, that the defendants forfeit all right, title, and interest to and in the premises, lots eight, nine, and ten, in Bear's addition to the city of Norfolk, Madison county, Nebraska, and that the title of plaintiff to said premises be quieted as against defendants and all persons claiming under them, or either of them.

A supersedeas bond having been filed, defendants bring the cause to this court on appeal.

The appellants contend that where the parties to a contract for the sale of real property, as in this case, have made no provision of forfeiture of the contract in default of the vendee or his assignee complying with the terms of payment, a court of equity will not create and enforce a provision of forfeiture, but can only treat the contract as in the nature of a mortgage, or a lien against the real estate, and will order the sale of the property under the conditions of a mortgage, to satisfy the vendor, and the remainder of the proceeds, if any, turned over to the vendee. In support of this are cited Story's Eq. Juris. 2, sec. 319; *Robinson v. Cheney,* 17 Neb., 680.

Undoubtedly this remedy might be enforced if preferred by the vendor, and might be more satisfactory to the vendee in view of a statutory stay of execution of nine months after judgment. But we do not find that to be the only remedy. The appellants, by their purchase and assignment, set out in the record as "Exhibit B" to the bill, took nothing but the interest of the vendee in the property, and stood in his shoes with no other rights than those expressed in the contract as "Exhibit A." He took that interest with its privileges, penalties, and forfeitures. On questions of *penalties and forfeitures,* Story has laid down a

rule applicable here: "At law, and in general, the same is equally true in equity, if a man undertakes to do a thing either by way of contract or by way of condition, and it is practicable to do the thing, he is bound to perform it or he must suffer the ordinary consequences; that is to say, if it be a matter of contract he will be liable at law for damages for the non-performance; if it be a condition, then his rights dependent upon the performance of the condition will be gone by the non-performance." (2 Story's Eq. Jur., sec. 1302.)

The appellants failed to comply with their contract; failed to make the payment of $1,350 due on the property June 15, 1888, and to execute their further obligations under the contract, and to accept the deed of the appellee on his alleged demand that the contract be performed by them.

It has been held that where time is not, in the first instance, "of the essence of the contract," it may be made so by demand. "It is now generally considered that it may be made so by notice assigning a reasonable time for the completion of the agreement. The plaintiff's default entitled the defendant to rescind, and is an absolute bar to relief in equity as well as at law." (*Austin v. Wacks*, 15 N. W. Rep. [Minn.], 411; *Smith's Ex'x v. Proffitt's Adm'x*, 1 S. E. Rep. [Va.], 68.)

In an action for cancellation of a contract wherein time being of the essence of the contract was waived, and subsequently notice of revocation of waiver was given by the vendor, held, "upon a consideration of the findings of facts, that though the strict requirements of the contract as to time were waived by plaintiff, so as to entitle defendants to a reasonable notice of an intention to terminate the contract upon non-performance on their part, yet by subsequently refusing to accept a proffered conveyance by plaintiff on the sole ground that her title was not good, when in fact it was unquestionable, they waived and sur-

rendered their rights to further time or notice, and there-upon the plaintiff was justified in putting an end to the contract." (*Cummings v. Rogers et al.,* 30 N. W. Rep. [Minn.], 892.)

" When the lapse of time is occasioned or accompanied by a refusal or a failure to claim or act under the contract, and is so great or of such characteristics as to amount to an abandonment of the contract, the party who does not come into court until after such delay will have forfeited all claim to equity." (*Merchants Bank v. Thomson et al.,* 55 N. Y., 12; *Davison v. Jersey Co.,* 71 Id., 338.)

That the equitable interest of the appellants in the prop-erty in controversy was forfeited by their delay and their refusal to comply with the terms of the contract, seems to be justified by these maxims and precedents. Being eleven months in default at their hearing in the court below, we think that the learned trial judge who overruled their de-murrer, and rejected their claim as mortgagees, was justi-fied in his conclusions of law that the plaintiff was entitled to a specific performance of the contract, by the payment of the amount due with interest, or a cancellation of it and its record, as a cloud upon the plaintiff's title.

The judgment of the district court is

AFFIRMED.

THE other judges concur.