CURRENCY SERVICES, INC. OF MINNESOTA, A CORPORATION, APPELLEE, V. EDITH PASSER ET AL., APPELLANTS.

133 N. W. 2d 19

Filed February 11, 1965. No. 35792.

Abrahams, Kaslow, Story & Cassman and Robert C. Oberbillig, for appellants.

Carey & Phillips and John W. Delehant, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOS-
LAUGH, BROWER, and McCOWN, JJ.

BROWER, J.

The plaintiff and appellee Currency Services, Inc., of
Minnesota is in the business of selling money orders
through agents. It entered into an agency contract
with the defendants and appellants Edith Passer
and Stanley Passer, who operate a retail grocery
store under the name of "E & P Store," located
at 2409 Cumming Street, Omaha, Nebraska.

The contract was in writing and provided that the de-
fendants, termed "Agent" therein, should sell to the
public "Bondified" money orders on blank forms sup-
plied by plaintiff, designated in the agreement as the
"Operator." The orders were to be sold at the face
amount thereof plus a fee in accordance with a sched-
ule of rates specified in the agreement, the fee to be
divided 60 percent to the plaintiff and 40 percent to the
defendants.

The agreement required the defendants to hold the
whole of the amounts collected, with the exception of the
40 percent of the fee going to the defendants, in trust for
the plaintiff and remit the same to the plaintiff on Wed-
nesday and Saturday of each week.

The last sentence of the printed form of the agreement
states: *"The Agent agrees to unequivocally indemnify
the Operator against all loss of trust funds held in the
Agent's custody."* (Italics supplied.)

On March 13, 1961, the defendants had in their cus-
tody in their store, segregated, the sum of $1,734,69,
representing the face amount of money orders previously
sold during the period from March 3, 1961, to March
11, 1961, both inclusive, and the plaintiff's 60 percent of
the fees thereon.

A robbery then occurred in which these trust funds
as well as the general funds of the store were taken

by force from the custody of the defendants.

The facts related are all admitted by stipulation and there is no question of fact in dispute.

Plaintiff filed action against defendants to recover said trust funds in the municipal court of the city of Omaha where a trial resulted in a finding for the defendants and a dismissal of the plaintiff's petition. On the case being appealed by the plaintiff to the district court for Douglas County, a jury was waived and a trial to the court resulted in a finding and judgment in favor of the plaintiff in the amount of the principal of the funds in trust and interest to date. Defendants' motion for a new trial was overruled and they have brought the matter to this court by appeal.

The defendants assign error to the trial court claiming the judgment was not sustained by the evidence and was contrary to law, and that for that reason the trial court should have sustained their motion for a new trial.

Defendants contend that an agent is not liable to his principal for property stolen and that the quoted clause in the contract was an agreement for indemnity and not of insurance. They urge that such an agreement is usually construed strictly against the indemnitee in favor of the indemnitor, particularly so in this instance where the contract was prepared by the plaintiff. Defendants seem to construe the provision that, "The Agent agrees to unequivocally indemnify the Operator against all loss of trust funds held in the Agent's custody," as protecting the plaintiff against the negligent acts of the defendants and their employees only. They say the word "unequivocally" means "not doubtful or ambiguous" and adds nothing to the meaning of indemnify and, in fact, restricts it only to loss as to which there is no doubt. They assert the word *"all"* before "loss" refers to the extent of the loss or the full amount of the trust funds and not to various "kinds" of loss.

In First Trust Co. v. Airedale Ranch & Cattle Co.,

136 Neb. 521, 286 N. W. 766, this court held: The general rules governing construction and interpretation of contracts other than indemnity contracts apply in construing indemnity contracts and in determining rights and liabilities of the parties thereunder.

If a contract of indemnity refers to and is founded on another contract, either existing or anticipated, it covenants to protect the promisee from some accrued or anticipated liability arising on the other contract.

An indemnity contract should be construed so as to ascertain and give effect to the parties' intention, if that can be done consistently with legal principles.

In construing an indemnity contract, the terms and language used must be given fair and reasonable interpretation, the contract read in its entirety, and consideration given not only to the contract's language but also to the situation of the parties and circumstances surrounding them at time of making of the contract.

In this case the indemnity provision was a part of the agency contract itself. The trust funds which were to be collected by the sale of the money orders were wholly within the care of the agent until remitted. The plaintiff's place of business to which the funds were to be sent was in Minneapolis, Minnesota. The plaintiff could not protect the funds while they remained in the hands of its agents. No negligence on the part of the plaintiff is involved. Defendants could take any steps to safeguard them they saw fit. The importance of the safekeeping of the funds at once becomes apparent. It seems only natural that the plaintiff should desire assurance in the form of an indemnity to protect it from loss. Can it be said, as the defendants maintain, that the possibility of loss from theft or robbery by others in the defendants' store could not have been contemplated by the parties in view of the circumstances of the business contemplated? We think not. It would seem defendants would be liable for their negligence and that of their employees without any indemnity agreement. Nei-

ther are we convinced that the word "unequivocally" placed as it was in the agreement did not broaden the risk which was sought to be protected against by the indemnity provision. Some of its meanings as given in its definition in Webster's Third New International Dictionary at page 2494, include "clearly," "unambiguously," "unmistakably," and "conclusively." "All loss" would also appear to most persons to refer to all varieties of loss. In Long v. Magnolia Petroleum Co., 166 Neb. 410, 89 N. W. 2d 245, this court held: "In construing a writing it is the duty of the court to give to words used their ordinary and popularly accepted meaning in the absence of explanation or qualification."

We conclude from the foregoing rules that the indemnity contract in this case covered the loss incurred in operations contemplated by the indemnitors' contract, and under conditions controlled by the indemnitors. We find that the contract of the defendants to "unequivocally indemnify" the plaintiff for "all loss" clearly included and covered the loss incurred. The trial court committed no error in so holding and its judgment is affirmed.

AFFIRMED.