In re condemnation by the State Fire Marshal of building located on Lots 985, 986, 987 and part of Lot 988, original town of Dorchester, Saline County, Nebraska.

State Fire Marshal of the State of Nebraska, appellee, v. Village of Dorchester et al., appellees, J. Frank Longnecker et al., interveners-appellants.

203 N. W. 2d 160

Filed January 5, 1973. No. 38555.

Clarence C. Kunc, for appellants.

Clarence A. H. Meyer, Attorney General, Chauncey C. Sheldon, Thomas J. Dredla, and Bernard J. Ach, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Newton, J.

This is a condemnation action instituted by the State Fire Marshal to secure the repair or demolition of a building in Dorchester, Nebraska. The property was owned by the Village of Dorchester. The interest of the interveners in the building is not clear but they appear to be simply squatters.

The condemnation proceeding was previously affirmed by this court. See State Fire Marshal v. Village of Dorchester, 186 Neb. 94, 180 N. W. 2d 919. The present proceeding is an appeal from an order directing the issuance of a writ of assistance.

Interveners contend that section 81-519, R. R. S. 1943, is unconstitutional and the title acquired thereunder by the County of Saline void. Not having challenged the constitutionality of the statute in the original action, the proceedings had and the order of condemnation must be considered valid. As to whether or not the County of Saline has a valid title to the building, the question of ownership is immaterial. All parties in interest were made parties to the original action and an order of condemnation was entered which is valid and enforceable regardless of whether the county acquired the building or it remained the property of the village. Furthermore, no appeal was taken from the order finding title to be in the county.

All rights of the parties in the property have been finally determined in prior proceedings. A writ of assistance is nothing more than the process by which a court of equity finally carries its judgment or decree into effect. See 6 Am. Jur. 2d, Assistance, Writ of, § 1, p. 414. It cannot be used as a vehicle to relitigate matters previously and finally determined. A judgment on the merits ordinarily concludes the parties and their privies, not only as to the things determined, but also as to matters that might have been litigated. See Niklaus v. Phoenix Indemnity Co., 166 Neb. 438, 89 N. W. 2d 258.

The judgment of the district court is affirmed.

AFFIRMED.