PETER KIEWIT SONS CO., APPELLANT, v. O'KEEFE ELEVATOR CO., INC., APPELLEE.

213 N. W. 2d 731

Filed January 4, 1974. No. 39073.

John R. Douglas of Cassem, Tierney, Adams & Henatsch, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before SPENCER, SMITH, and CLINTON, JJ., and KUNS and FLORY, District Judges.

FLORY, District Judge.

One Ward, an employee of the defendant, O'Keefe, appellee here, obtained a judgment against the plaintiff, Kiewit, appellant here, in an action for personal injuries sustained on a construction site where Kiewit was the general contractor and O'Keefe the subcontractor. In that action Kiewit's negligence and Ward's contributory negligence and assumption of risk were the issues submitted to the jury which returned a verdict for Ward. Kiewit paid the judgment.

Kiewit then brought this action against O'Keefe for indemnity under the contract between them which was prepared by Kiewit. Each party moved for summary judgment. The trial court sustained O'Keefe's motion and overruled Kiewit's motion and dismissed the action. Kiewit appealed.

This results in a situation wherein Kiewit seeks indemnity against O'Keefe for Kiewit's negligence.

The indemnity provision in the subcontract provided: "Section 10. Indemnification. The Subcontractor further specifically obligates himself to the Contractor in the following respects; to wit: . . . (b) To indemnify the Contractor against and save him harmless from any and all claims, suits or liability for injuries to property, injuries to persons including death, and from any other claims, suits or liability on account of any act or omission of the Subcontractor, or any of his officers, agents, employees or servants. . . .

"And the Subcontractor shall indemnify the Contractor and the Owner against, and save them harmless from, any and all loss, damage, costs, expenses and attorneys' fees suffered or incurred on account of any breach of the aforesaid obligations and covenants, and any other provision or covenant of this Subcontract."

The general rules governing construction and interpretation of contracts other than indemnity contracts apply in construing indemnity contracts and in deter-

mining rights and liabilities of the parties thereunder. Currency Services Inc. v. Passer, 178 Neb. 286, 133 N. W. 2d 19.

An indemnity contract should be construed so as to ascertain and give effect to the intention of the parties to it, if that can be done consistent with legal principles. Currency Services Inc. v. Passer, *supra*.

Kiewit argues that the restrictive language "on account of any act or omission of the Subcontractor . . ." applies only to ". . . from any and all claims, suits or liability . . ." leaving claims for property damage and personal injury free of the restriction and cites numerous cases from other jurisdictions that have similar factual situations but different indemnity provisions. For example: Mississippi Power Co. v. Roubicek, 462 F. 2d 412 (5th Cir., 1972), "in whatever manner the same may be caused"; Halverson v. Campbell Soup Co., 374 F. 2d 810 (7th Cir., 1967), "arising from work performed"; General Acc. F. & L. Assur. Corp. Ltd. v. Smith & Obey Co., 272 F. 2d 581 (6th Cir., 1959), "arising from any cause or for any reason whatsoever in or about the premises where the work is performed"; Aluminum Co. of America v. Hully, 200 F. 2d 257 (8th Cir., 1952), "whether such injury, loss or damage shall be caused by the negligence of the Contractor, a subcontractor hereunder, Owner, or otherwise."

These cases stand for the general proposition that an indemnitee may be indemnified against his own negligence if the contract contains express language to that effect or contains clear and unequivocal language that that is the intention of the parties.

In Hanley v. James McHugh Constr. Co., 444 F. 2d 1006 (7th Cir., 1971), a summary judgment was affirmed in favor of a subcontractor as to the general contractor's third party complaint for indemnity where injury to an employee of the subcontractor was caused by negligence of the general contractor. The general contractor

argued that the agreement providing for indemnity for "Contractor's contractual or legal liability . . . on account of any acts or omissions of Sub-contractor . . . regardless of whether or not such act or omission constitutes negligence" removed the case from the holding in Westinghouse Co. v. LaSalle Monroe Building Corp., 395 Ill. 429, 70 N. E. 2d 604, which held that the language "the contractor agrees to indemnify and hold the owner . . . wholly harmless from any damages, claims . . . arising out of any acts or omissions by the Contractor . . . in the course of any work done" was not sufficiently inclusive to provide for indemnification of indemnitee's own negligence. However, the United States Court of Appeals held in Hanley that the Westinghouse decision applied. The court distinguished Halverson v. Campbell Soup Co., 374 F. 2d 810. United States Fidelity & Guaranty Co. v. Mason & Dulion Co., Inc., 274 Ala. 202, 145 So. 2d 711, involved the following provision: "The Subcontractor covenants to indemnify and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for personal injury and property damage arising out of the work undertaken by the Subcontractor, its employes, agents, its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor." The court noted the general rule that the parties are presumed to intend that the indemnitee shall not be indemnified for a loss occasioned by his own negligence unless the language of the contract affirmatively expresses an intent to indemnify for such loss and said: "We do decide the contract is ambiguous and must. be construed against the contractor who wrote it. So construed, the contract does not disclose a right in the contractor to recover for a loss, occasioned by contractor's negligence."

In this case we interpret the indemnity provision to restrict the right of the indemnitee, Kiewit, to recover

from the indemnitor, O'Keefe, to acts or omissions of O'Keefe. Even if the indemnity provision could be said to be ambiguous, it would necessarily have to be construed against the contractor who wrote it.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.