PAUL B. MORGAN, TRUSTEE, AND JOHN LEE HOICH, BENEFICIARY, APPELLEES, v. SHARMAINE KAY ZOUCHA, APPELLANT, IMPLEADED WITH EUGENE T. ZOUCHA, APPELLEE.

277 N. W. 2d 564

Filed April 17, 1979. No. 42170.

Mrs. Eugene Zoucha, pro se.

A. J. Whalen, for appellees.

Heard before KRIVOSHA, C. J., WHITE, and HAST-INGS, JJ., and COLWELL and VAN PELT, District Judges.

COLWELL, District Judge.

Defendant, Sharmaine Kay Zoucha, appeals from an adverse judgment in a strict foreclosure suit and the dismissal of her cross-petition for damages.

On May 31, 1977, Eugene T. Zoucha made a written offer to purchase a residence at 3701 South 23rd Street, Omaha, Nebraska, for $13,500, "all carpeting, grading is to be completed by seller." On June 2, 1977, Paul B. Morgan, trustee, seller, and Eugene T. Zoucha and Sharmaine Kay Zoucha, husband and wife, buyers, in writing agreed to sell and buy on a long-term contract the same premises (with legal description) for $13,500 with $900 paid down and the balance in monthly payments. Included in the agreement was the condition, "In the event that Buyers fail to make any payment, as provided in said Purchase Agreement, for a period of 30 days or more, then Buyers agree to vacate said premises and forfeit any and all rights therein." On July 2, 1977, a memo of settlement was signed by Eugene T. Zoucha and Paul B. Morgan. Buyers were credited with $60 for a broken window and $75 for their laying the carpet; monthly payments were to be $142.68, including principal, 9 percent interest, taxes, and insurance; and a provision which stated, "It is hereby agreed that seller, John L. Hoich is to pay for sidewalk required by the City of Omaha and for replacing back basement door and buyers assure sellers there are to be no more repairs required by seller or agent."

About this time defendants occupied the premises, made periodic payments and credits totaling

$1,559.68, the last payment having been made November 17, 1977. Defendants, during this time and during these proceedings, experienced separation and domestic problems.

On January 6, 1978, plaintiffs filed their petition in the District Court for Douglas County, Nebraska, alleging that Paul B. Morgan, trustee, is the owner of the legal title to the real estate described in this proceeding, holding the same for the benefit of John Lee Hoich, beneficiary, and also alleging the execution of the agreements and defendants' default. The prayer is for an accounting and strict foreclosure. Defendant Eugene T. Zoucha does not answer and his default is entered. Appellant filed several pleadings variously denominated as answer, counterclaim, cross-petition for breach of contract, fraud, estoppel, and sex discrimination. Her theory of defense and recovery is not clear; she seeks neither specific performance nor rescission and damages. We give the pleadings a liberal interpretation and treat them as an answer and a cross-petition for damages. The prayer is for damages and return of the $900 downpayment.

Trial was had on March 28, 1978, with appellant appearing pro se. Judgment was entered April 14, 1978, on plaintiffs' petition generally in favor of plaintiffs and against defendants, including the finding, "* * * no special circumstances have been shown that make it inequitable to refuse strict foreclosure * * *;" hearing was continued to April 25, 1978, on appellant's cross-petition to give her an opportunity to engage counsel and produce additional evidence in support of that cause. On April 25, 1978, no counsel appearing of record and nothing further produced, judgment was finally entered for plaintiffs on their petition finding due $13,021.44, ordered strict foreclosure, and gave defendants 20 days from May 1, 1978, to pay the amount due or their right, title, interest, and equity of redemption would be

forever barred. The court further found that appellant had failed to sustain her burden of proof on her cross-petition which was dismissed. Appellant's motion for new trial was overruled and this appeal followed.

The law is well settled in this state that "Courts of equity will decree a strict foreclosure only under special circumstances where it would be inequitable and unjust to refuse them. Whether or not such a decree will be granted is dependent upon the facts of the particular case being considered and is necessarily addressed to the sound judicial discretion of the court * * *. But where such a decree is entered, the defaulting party is entitled to a reasonable time to avoid its consequences by performing the contract." Swanson v. Madsen, 145 Neb. 815, 18 N. W. 2d 217; Patterson v. Mikkelson, 86 Neb. 512, 125 N. W. 1104; Ruhl v. Johnson, 154 Neb. 810, 49 N. W. 2d 687. The function of a strict foreclosure proceeding is to confirm legal title in plaintiff. Foster v. Ley, 32 Neb. 404, 49 N. W. 450.

The evidence is undisputed that Paul B. Morgan, trustee, was the owner of the fee title to the real estate; that John Lee Hoich was the owner of the beneficial interest; and that the defendants had breached the agreement in that no payments had been made for more than 30 days after the last payment on November 17, 1977. Appellant stated she did not want the house, only a fair settlement. The house was vacated in May 1978. Plaintiffs did install a sidewalk, repair the basement door, and did some grading; however, there is conflict in the evidence concerning this work. In determining the weight thereof we consider the trial judge observed the witnesses and must have accepted one version of the facts rather than the other. See Russo v. Williams, 160 Neb. 564, 71 N. W. 2d 131. Appellant's claim for damages generally relates to a claim for a setoff against the amount due on the contract and her offer to make a

fair settlement. Her claim that plaintiffs prevented her from listing and selling the premises for $16,000 was speculative.

Appellant contends that the $1,460 in money paid on the contract by defendants should have been returned to her. This sum was about 11 percent of the contract price, and the contract clearly provides for its forfeiture in the event of default. Defendants' possession of the premises for about 10 months compares with $150 monthly rental value shown by the evidence.

Appellant claims that the court should have appointed counsel for her at public expense. Originally, she insisted on proceeding pro se; she did not request counsel until the day of the trial. There is no statute, rule of court, or other authority in this state to appoint counsel at public expense under the circumstances here.

A large part of the appellant's pleadings, evidence, and brief includes material not relevant to the issues, approaching an abuse of the judicial process. Frequent reference is made to sex discrimination, her rights under city ordinances, the Uniform Residential Landlord and Tenant Act, Real Estate Brokers Act, mortgage foreclosure statutes, and Protection From Domestic Abuse Act. Plaintiffs' counsel afforded appellant unusual professional courtesy under the circumstances. The trial judge displayed an abundance of restraint and patience during all of the proceedings in keeping with his long and distinguished career as a trial judge.

After considering those errors claimed in the motion for new trial and those assigned in appellant's brief that are meritorious, we conclude the judgment of strict foreclosure and dismissal of the cross-petition were correct; the title to the premises should be confirmed in Paul B. Morgan, trustee, and John Lee Hoich, beneficiary; and defendants' equity of redemption is barred.

AFFIRMED.