JO ANNA E. MURPHY, APPELLEE, V. TIMOTHY J. MURPHY,
APPELLANT.
466 N.W.2d 87

Filed March 1, 1991.    No. 90-273.

Dennis E. Martin and Lowell R. Johnson, of Martin & Martin, P.C., for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Timothy J. Murphy, appeals from the overruling of his motions to stay the order of sale, to quash the writ of assistance, and to vacate the default decree of foreclosure. Although the action was brought as a strict foreclosure of a land contract, the decree amounted to one of ejectment. We affirm as modified.

The Supreme Court, in reviewing a trial court's action in vacating or refusing to vacate a default judgment, will uphold and affirm the trial court's action in the absence of an abuse of discretion. *Starr v. King*, 234 Neb. 339, 451 N.W.2d 82 (1990).

On November 28, 1989, plaintiff, Jo Anna E. Murphy, filed a petition seeking strict foreclosure against the defendant. The petition alleged that on or about July 29, 1983, the parties entered into a land contract whereby the defendant agreed to purchase certain real estate, described as Lot 6, Block 4, Cleveland Place, Douglas County, Nebraska, from the plaintiff

for $25,000 plus 5-percent interest, with payments at the rate of $200 per month; that defendant had not made such payments on a regular basis and had made no payments since January 1988; that defendant was required to pay taxes on the real estate and had failed to do so; that the amount of payments made by defendant was less than the taxes and interest due; and that the amount due was in excess of the value of the real estate. Plaintiff prayed that defendant pay the amount due upon the contract, including principal, interest, and real estate taxes, and the costs of the action, by a date determined by the court, or that in the event of default of such payment ordered by the court, the defendant be foreclosed of all interest in the property, and plaintiff recover her costs.

Defendant failed to plead or appear, and a decree was entered on February 15, 1990. The court found that the contract was entered into by the parties, that the defendant had failed to make payments in accordance with the contract, that the amount due was in excess of the value of the real estate, and that plaintiff was entitled to strict foreclosure. The court, by its decree, "forever barred and foreclosed" the defendant of "all rights, title, interest, claim and equity of redemption in and to the real property" described in the land contract.

The defendant assigns as error the finding by the trial court that the amount due on the contract exceeded the value of the real estate, the entering of a default judgment against the defendant, the failure of the trial court to give defendant reasonable time to avoid foreclosure by performing the land contract, and the denial by the trial court of defendant's motions to quash the writ of assistance and to vacate the default judgment.

No bill of exceptions has been filed in this appeal. In the absence of a bill of exceptions, the Supreme Court examines and considers only the pleadings in conjunction with the judgment reviewed. When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986). Where there is no bill of exceptions, the Supreme Court

is limited to an examination of the pleadings. If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *West Town Homeowners Assn. v. Schneider*, 221 Neb. 674, 380 N.W.2d 265 (1986). The existence or contents of affidavits filed with the clerk of the trial court and found in the transcript, but not preserved in the bill of exceptions, cannot be noted by the Supreme Court. *Johannes v. McNeil Real Estate Fund VIII*, 225 Neb. 283, 404 N.W.2d 424 (1987).

Therefore, even in the absence of a bill of exceptions, the transcript, which includes the pleadings and orders of the court, is sufficient to present the issue for appellate review.

Strict foreclosure requires the purchaser under a land contract to pay the balance due on the contract within a specified time or be barred from all interest in the land. Such a contract may be strictly foreclosed where it is clear that the property is of less value than the contract price and that it would not bring a surplus over and above the amount due if a sale were ordered, and such procedure would not offend against justice and equity. *Miller v. Radtke*, 230 Neb. 561, 432 N.W.2d 542 (1988). A writ of assistance is the process by which a court of equity finally carries its judgment or decree into effect, *State Fire Marshal v. Village of Dorchester*, 189 Neb. 464, 203 N.W.2d 160 (1973), and is properly issued upon default under a decree of strict foreclosure.

It appears clear that in order to obtain a decree of strict foreclosure, one of the necessary elements which must be proved is that the property is of less value than the contract price. There is no bill of exceptions and thus no evidence in this regard. However, a finding to that effect is contained in the court's decree of foreclosure. " 'A journal entry in a duly authenticated record imports verity, and it is sufficient to support a finding unless there is proof to the contrary.' " *State v. Ziemba*, 216 Neb. 612, 625, 346 N.W.2d 208, 216 (1984).

The record supports a decree of strict foreclosure. However, where such a decree is entered, the defaulting party is entitled to a reasonable time to avoid its consequences by performing the contract. *Morgan v. Zoucha*, 203 Neb. 119, 277 N.W.2d 564 (1979); *Swanson v. Madsen*, 145 Neb. 815, 18 N.W.2d 217

(1945). It is the order of this court, therefore, that the judgment of the district court forever barring and foreclosing the right, claim, or equity of the defendant in the property described in its decree be affirmed, unless within 20 days of the issuance of the mandate of this court, the defendant shall pay all amounts due under the contract of July 29, 1983, contained or referred to in the pleadings of the parties to this suit, in which event the defendant may apply to the district court for relief from said judgment. The judgment of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.