IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

LARSON V. LARSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SARA A. LARSON, APPELLANT,

V.

PAUL E. LARSON, APPELLEE.

Filed June 6, 2023.    No. A-22-836.

Appeal from the District Court for Douglas County: TRESSA M. ALIOTH, Judge. Affirmed.

Karisa D. Johnson, of Koukol, Johnson, Schmit & Milone, L.L.C., for appellant.

Mark F. Jacobs, of Bressman, Hoffman & Jacobs, P.C., L.L.O., for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Sara A. Larson appeals from an order of the district court for Douglas County finding that she was not in willful contempt of court but ordering her to sell her and Paul E. Larson's marital home as provided in the parties' dissolution decree. Based on the reasons that follow, we affirm.

## BACKGROUND

Paul and Sara were divorced by a decree entered on November 11, 2017. The decree provided that the marital home be listed for sale and sold at a mutually agreeable price. The proceeds from the sale, after deducting the mortgage, real estate commissions, closing costs, and reasonable and necessary repairs to the home, were to be divided equally between the parties. The decree further indicated that Sara was to be responsible for the mortgage, taxes, and insurance on the residence beginning October 1, 2017, until it was sold.

- 1 -

In June 2022, Paul filed an application for an order to show cause asking the court to enter an order requiring Sara to appear in court and show cause as to why she should not be held in contempt for failing to sell the marital home.

Following a hearing, the court entered an order in October 2022 finding that Sara was not in willful contempt of court. It stated that it was adhering to the plain language of the decree and that Sara should follow the decree and the provision for selling the marital home. It ordered that the marital home should be listed for sale and sold in accordance with the decree. No bill of exceptions from the hearing exists in our record due to Sara's counsel's failure to timely request its preparation.

## ASSIGNMENTS OF ERROR

Sara assigns that the trial court erred in (1) failing to consider facts outside the four corners of the decree, and (2) failing to find that the decree's terms were ambiguous.

## STANDARD OF REVIEW

When the bill of exceptions is absent, the court solely must examine the pleadings in conjunction with the judgment reviewed. *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). If the transcript, containing the pleadings and order in question, is sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

## ANALYSIS

Under Neb. Ct. R. App. P. § 2-105(B)(2)(a), previously § 2-105(B)(1)(a), an appellant must file a request to prepare a bill of exceptions in the office of the district court clerk at the same time the notice of appeal is filed. Failure to file such a request simultaneously constitutes a waiver by the appellant of the right to request a bill of exceptions. See *Rosberg v. Rosberg, supra.* It is incumbent upon the appellant to present a record supporting the errors assigned. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

When there is no bill of exceptions, the court is limited to an examination of the pleadings and the order in question. *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991). If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

In this case, Sara's counsel failed to timely request the bill of exceptions. Counsel filed Sara's notice of appeal on November 10, 2022, but failed to file a request to prepare a bill of exceptions at the time the notice of appeal was filed. The bill of exceptions was stricken after we overruled Sara's motion to file the bill of exceptions out of time. The minute entry shows that the motion was overruled for failure to show good cause under § 2-105(B)(2)(f). As such, no bill of exceptions exists in our record due to counsel's failure to timely request preparation of it or to demonstrate good cause for this failure. Consequently, we must rely solely on the information provided in the pleadings contained in the transcript.

Sara argues that the provision in the decree regarding the sale of the home is ambiguous and that the trial court should have considered evidence outside the language in the decree. Paul's application states that the decree, entered November 1, 2017, provided that the marital home was

to be sold and the proceeds split. He alleges that Sara had occupied the residence since the decree was entered, and despite multiple requests by him to have the residence sold, Sara willfully refused to cooperate with the sale of the home.

The trial court found that Sara was not in willful contempt of court, that it was adhering to the plain language of the decree, and that Sara should follow the decree and the provision for selling the martial home. It ordered that the marital home should be listed for sale and sold in accordance with the decree. It further ordered that the parties split the proceeds of the sale equally after deducting real estate commissions, closing costs, and any reasonable and necessary repairs to the property. Sara was not entitled to any additional monetary amount for the sale of the home.

The actions described in the application for an order to show cause support the district court's finding that Sara should comply with the decree by listing the marital home for sale and selling it. We conclude that the pleadings are sufficient to support the district court's order, and therefore, we presume that the evidence considered by the district court supported its decision to adhere to the plain language of the decree and to order Sara to sell the marital home and split the proceeds equally. See *Murphy v. Murphy, supra*.

## CONCLUSION

Because the pleadings support the district court's order, we affirm.

AFFIRMED.