EMMA L. VAN ETTEN V. EDWARD F. TEST ET AL.

FILED APRIL 2, 1902.  No. 11,531.

Commissioner's opinion, Department No. 2.

Ejectment: JUDGMENT: RES ADJUDICATA. A judgment in ejectment
is binding on all the parties to the action, and where a party
has brought an action in ejectment for the premises claimed
by her, which on a trial thereof has resulted adversely to her,
she is concluded thereby.

ERROR from the district court for Douglas county.
Tried below before FAWCETT, J. *Affirmed.*

*David Van Etten,* for plaintiff in error.

*Isaac R. Andrews, contra.*

OLDHAM, C.

On the 18th day of September, 1897, the plaintiff in
error filed her petition in the district court of Douglas
county, the object and prayer of which are to restrain de-
fendants in error from claiming any interest in certain
real estate (describing it), and from interfering with and
disturbing her use and enjoyment thereof, and that, upon
final hearing, the "injunction be made permanent and that
the title and possession of said premises be quieted and
confirmed in plaintiff." This petition is exceedingly
lengthy, and contains a variety of allegations and recitals,
of which the following will serve as a sample: "That said
aforesaid verdict, judgment and decision of said supreme
court were inconsistent, irregular, unsupported by either
pleadings or evidence and fraudulent, the uncontradicted
testimony on trial was that defendant's said house stood
over and upon said land 7 feet 10 inches; defendant
claimed and the jury found only 7 feet; plaintiff was there-
fore entitled to judgment for the 10 inches and costs, in-
stead of which judgment with costs was rendered against
her and said decision affirmed the fraud and was a fraud."

From among the mass of iterations and reiterations of this petition we gather the information that on the 24th day of March, 1890, she had instituted an action in ejectment against these same parties for these same premises; that the cause had been tried to a jury, who returned a verdict against her, on which judgment was rendered; that she had prosecuted error therefrom to the supreme court, which affirmed the action of the lower court, this action of the supreme court being the provoking cause of the above ex- cerpt. The defendants answered setting up their judgment at law in the ejectment case. A trial was had thereon which resulted in the dismissal of the plaintiff's petition; from which she prosecutes error to this court.

The evidence on the trial shows this judgment in ejectment in full force and effect, with no attempt made or being made to have it set aside, vacated or modified. And in the face of this judgment she attempts to come into a court of equity, and seeks to obtain the results which she sought to obtain in her action in ejectment, but which was denied her there. This can not be done. That judgment, so long as it is allowed to stand, is binding upon her and is conclusive of her rights as to these premises. The trial court should have summarily dismissed this petition on its own motion, and doubtless would have done so had its attention been called to what it contained, vicious recriminations of courts, counsel and parties, with not a fact stated that entitled her to the relief sought. Such attempts as this for "equitable relief" should not be permitted to burden courts or clog the wheels of justice.

We therefore recommend that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.