Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2018 08:09 AM CDT

Paul A. Rosberg, appellant, v.
Kelly R. Rosberg, appellee.
___ N.W.2d ___

Filed May 1, 2018.    No. A-17-341.

1.  **Judgments: Injunction: Appeal and Error.** A protection order is anal-
    ogous to an injunction. Accordingly, the grant or denial of a protection
    order is reviewed de novo on the record.
2.  **Records: Pleadings: Appeal and Error.** In the absence of a bill of
    exceptions, an appellate court examines and considers only the plead-
    ings in conjunction with the judgment reviewed. When a transcript,
    containing the pleadings and order in question, is sufficient to present
    the issue for appellate disposition, a bill of exceptions is unneces-
    sary to preserve an alleged error of law regarding the proceedings
    under review.
3.  **Records: Pleadings: Presumptions: Appeal and Error.** Where there
    is no bill of exceptions, an appellate court is limited on review to an
    examination of the pleadings. If they are sufficient to support the judg-
    ment, it will be presumed on appeal that the evidence supports the trial
    court's orders and judgment.
4.  **Criminal Law: Statutes.** Nebraska's stalking and harassment statutes
    are given an objective construction, and the victim's experience result-
    ing from the perpetrator's conduct should be assessed on an objec-
    tive basis.
5.  **Criminal Law: Judgments.** Under Nebraska's stalking and harassment
    statutes, the inquiry is whether a reasonable victim would be seriously
    terrified, threatened, or intimidated by the perpetrator's conduct.
6.  **Judgments.** When a trial court determines an ex parte temporary harass-
    ment protection order is not warranted, an evidentiary hearing is not
    mandated under the harassment protection order statute.
7.  **Judgments: Pleadings: Affidavits.** In harassment protection order pro-
    ceedings, a trial court has the discretion to direct a respondent to show
    cause why an order should not be entered or, alternatively, the court

can dismiss the petition if insufficient grounds have been stated in the petition and affidavit.

Appeal from the District Court for Knox County: James G. Kube, Judge. Affirmed.

Paul A. Rosberg, pro se.

No appearance for appellee.

Riedmann and Bishop, Judges, and Inbody, Judge, Retired.

Bishop, Judge.

Paul A. Rosberg (Rosberg) sought a harassment protection order against his wife, Kelly R. Rosberg (Kelly), in the district court for Knox County. Rosberg appeals, pro se, from the district court's order dismissing his petition; he claims that the district court erred by not affording him an opportunity to be heard and that a harassment protection order should have been entered. We affirm.

## BACKGROUND

On November 4, 2016, Rosberg filed a "Petition and Affidavit to Obtain Harassment Protection Order" against Kelly pursuant to Neb. Rev. Stat. § 28-311.09 (Reissue 2016). He sought a protection order for himself and his five children. His allegations of harassment are summarized as follows: From August 2012 to November 4, 2016, Kelly "lied to [Rosberg's] probation officer 3 times and [Rosberg] had to go to jail for 16 days and pay an attorney $10,000 and all the fict[it]ious charges they had were drop[p]ed by the federal Judge"; Kelly allows the children to be around a "life time" registered sex offender; Kelly leaves the children for extended periods of time and lets the children "do most anything," and the children are engaging in problematic behavior; Kelly committed perjury by making up a lie that Rosberg earned $250,000 per year, which lie resulted in a sentence of jail time for Rosberg; Kelly lied to a Platte County judge so

Rosberg "could not see [the] children for one year"; Kelly "harassed all of us by preventing us from having visitation since July 12, 2015"; Kelly makes the children believe her lies by "continually disparaging" Rosberg; Kelly refused to allow the children to attend family weddings; Rosberg is "sure [Kelly] is mentally sick"; Rosberg believes it is unsafe for the children to be around Kelly or her boyfriend, a sex offender, and believes she should only have supervised visitation; and Rosberg is "afraid [Kelly] may have someone or herself plant guns on [him] like she did before when she tried to get [him] railroaded into federal prison for 11 years."

On November 14, 2016, the district court entered an "Order Dismissing Petition Without Hearing," which stated, in relevant part:

Upon consideration of the petition and affidavit, the Court finds that the requested relief should be denied and the petition should be dismissed (specific findings, if any, set forth below).

Insufficient allegations to support the entry of a protection order. Also, this [is] a matter which if addressed at all, should be addressed in the pending domestic litigation between the parties.

IT IS THEREFORE ORDERED that the petition for issuance of a protection order is denied and petition is dismissed without prejudice.

On November 17, 2016, Rosberg filed a "Motion requesting Hearing." He requested a hearing to "prove his allegations that [Kelly] ser[i]ously th[r]eatens, endangers, and intim[i]dates [Rosberg and the children]." He added that the children are in danger when Kelly allows them to be around a "registered lifetime sex offender" and that Kelly should not be on his premises "where she or her coh[o]rts can plant guns in fu[r]ther attemp[t]s to railroad [him] into jail like she had done in the past."

On December 13, 2016, Rosberg filed a "precape" for subpoenas to compel two of his children to appear and testify in

district court on December 20. Also on December 13, Rosberg filed a "Notice of Threat and additional facts." On December 23, Rosberg filed a "Motion to Reconsider."

According to a "Journal Entry" filed January 3, 2017, both parties had appeared before the court without counsel on December 20, 2016. The journal entry addressed Rosberg's "motion for hearing," noting arguments were made by the parties. The court denied Rosberg's motion. The court also addressed Kelly's "motion to dismiss" and stated that "there are insufficient facts regarding the basis for the motion to dismiss and the Court deemed the motion to dismiss moot."

A "Journal Entry" filed January 31, 2017, indicates the case was before the court that day for hearing; Rosberg was present without counsel, and Kelly was not present (she filed a waiver of appearance that same day). The journal entry notes that Rosberg offered "Exhibit 1, Motion to Reconsider, specifically pages 35 through 173, which has been received by the Court." Rosberg provided argument, and the court took the matter under advisement.

On February 22, 2017, Rosberg filed a "Notice of Additional Information Unavailable at Time of Hearing." Rosberg alleged that an order was made in his divorce case denying his request for a protection order. Rosberg claimed that since the judge handling his divorce would not issue a protection order, then "it is most certainly up to [the judge in this case] to hear all the evidence and make a decision regarding [Rosberg's] request for an exparte protection order against Kelly." (Emphasis omitted.)

The district court entered an order on February 28, 2017, which stated:

This matter came on to be heard on January 31, 2017, upon [Rosberg's] "Motion Requesting Hearing" which the Court interprets as a motion to reconsider its Order of November 14, 2016, denying the plaintiffs their request for a protection order and dismissing the same without prejudice. [Rosberg] appeared personally. No other

plaintiffs appeared nor were they represented by counsel. [Kelly] did not appear, nor was she represented by counsel.

Upon consideration of the arguments presented as well as the information contained in Exhibit 1 the Court denies said request to reconsider. The Court will stand on its Order of November 14, 2016, dismissing this matter without hearing.

Rosberg appeals from this order.

## ASSIGNMENTS OF ERROR

Rosberg's brief does not properly contain an assignments of error section; however, the brief lists six questions under the heading "Issues to be Addressed." He asks, restated: (1) Did the district court err by not having a hearing on the requested protection order?; (2) Did the district court err by finding there were insufficient allegations to support entry of a protection order?; (3) Does the Nebraska constitution apply to him?; (4) Did the district court evade its responsibilities by not allowing Rosberg to present evidence?; (5) Did the district court "violate 33 C.J. 1135, sec. 84 when [it] made judgment without any kind of trial?"; and (6) Did the district court "use proper discretion after being made aware that [Rosberg] was not a member of the Bar Club Association and understanding case law Haines vs. Kerner 1972, 404 U.S. 519?"

The "Argument" section of Rosberg's brief consists of four paragraphs which address only the first two "questions" noted above. Accordingly, our review will be limited to addressing those two questions as alleged errors. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Fetherkile v. Fetherkile*, 299 Neb. 76, 907 N.W.2d 275 (2018).

## STANDARD OF REVIEW

[1] A protection order is analogous to an injunction. Accordingly, the grant or denial of a protection order is

reviewed de novo on the record. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010).

## ANALYSIS

As set forth above, we address only the two errors alleged and argued by Rosberg, which are (1) whether the district court erred in not providing a hearing on his protection order request and (2) whether there was sufficient evidence to support entry of a protection order. Rosberg argues, "Basically, [the court] closed the door, preventing [Rosberg] from having the issues addressed in court." Brief for appellant at 7. He claims the court made a decision without allowing him to present the facts. At the same time, he also claims "the evidence presented in the petition and the exhibits presented in the courtroom were sufficient allegations to call for a protection order hearing and most likely an immediate exparte [sic] protection order." *Id*.

[2,3] We first note that no bill of exceptions has been filed in this appeal. In the absence of a bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. See *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991). When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *Id*. Where there is no bill of exceptions, an appellate court is limited on review to an examination of the pleadings. *Id*. If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id*. We conclude the transcript is sufficient for this court's disposition of Rosberg's alleged errors.

*Harassment Protection Orders.*

We begin our analysis with a review of the statutes applicable to harassment protection orders. Section 28-311.09 provides in relevant part:

(1) Any victim who has been harassed as defined by section 28-311.02 may file a petition and affidavit for a harassment protection order . . . . *Upon the filing of such a petition and affidavit in support thereof, the court may issue a harassment protection order* without bond enjoining the respondent from (a) imposing any restraint upon the person or liberty of the petitioner, (b) harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner, or (c) telephoning, contacting, or otherwise communicating with the petitioner.

(Emphasis supplied.)

The purpose of § 28-311.09, and the definition of certain terms, are contained in Neb. Rev. Stat. § 28-311.02 (Reissue 2016), which provides in relevant part:

(1) It is the intent of the Legislature to enact laws dealing with stalking offenses which will protect victims from being willfully harassed, intentionally terrified, threatened, or intimidated by individuals who intentionally follow, detain, stalk, or harass them or impose any restraint on their personal liberty and which will not prohibit constitutionally protected activities.

(2) For purposes of sections 28-311.02 to 28-311.05, 28-311.09, and 28-311.10:

(a) Harass means to engage in a knowing and willful course of conduct directed at a specific person which seriously terrifies, threatens, or intimidates the person and which serves no legitimate purpose;

(b) Course of conduct means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including a series of acts of following, detaining, restraining the personal liberty of, or stalking the person or telephoning, contacting, or otherwise communicating with the person.

[4,5] Application of the law governing harassment protection orders has been summarized as follows:

"Nebraska's stalking and harassment statutes are given an objective construction and . . . the victim's experience resulting from the perpetrator's conduct should be assessed on an objective basis. *In re Interest of Jeffrey K.*, 273 Neb. 239, 728 N.W.2d 606 (2007). Thus, the inquiry is whether a reasonable [victim] would be seriously terrified, threatened, or intimidated by the perpetrator's conduct. *Id.*"

*Richards v. McClure*, 290 Neb. 124, 132, 858 N.W.2d 841, 847 (2015) (quoting *Glantz v. Daniel*, 21 Neb. App. 89, 837 N.W.2d 563 (2013)).

With this law in mind, we now address the errors claimed by Rosberg.

*Right to Hearing.*

Rosberg claims he was denied an opportunity for a hearing on his petition for a harassment protection order. However, the record does not support that assertion. It is true that on November 14, 2016, the district court entered an order dismissing Rosberg's petition without a hearing. On November 17, Rosberg filed a "Motion requesting Hearing" to "prove his allegations." The January 31, 2017, journal entry informs us that a hearing did take place on January 31. And the February 28 order explains that the January 31 hearing was "upon [Rosberg's] 'Motion Requesting Hearing,'" which the court interpreted as a motion to reconsider its November 14, 2016, order denying Rosberg's request for a protection order.

At the January 31, 2017, hearing, Rosberg was present without counsel and Kelly was not present (she filed a waiver of appearance). Importantly, the journal entry states that Rosberg offered "Exhibit 1, Motion to Reconsider, specifically pages 35 through 173, which has been received by the Court." Rosberg also "provided argument" and the court "took the matter under advisement." Therefore, contrary to Rosberg's assertion, he did in fact have an opportunity to offer evidence (exhibit 1) in support of his petition, and it was received by

the court. Rosberg also had an opportunity to make an argument before the court.

The district court subsequently entered an order on February 28, 2017, which stated it considered the arguments presented on January 31, as well as the information contained in exhibit 1, and chose to "stand on its Order of November 14, 2016, dismissing this matter without a hearing." Although the November 14 order did in fact dismiss Rosberg's petition "without a hearing," Rosberg has, since that time, succeeded in having a hearing on January 31, 2017, at which time his exhibit 1 was offered and received, and arguments were made. Accordingly, we conclude this alleged error is without merit.

For the sake of completeness, to the extent Rosberg is arguing that the mere filing of a petition and affidavit for a harassment protection order requires a trial court to schedule a hearing before dismissing the petition, we conclude otherwise. There may be some confusion as to the mandatory nature of a protection order hearing, because the statutory language detailing procedures for domestic abuse protection orders and harassment protection orders are not identical, and where one statutory scheme requires a hearing before the dismissal of a petition, the other does not. Specifically, when a party seeks a protection order under the Protection from Domestic Abuse Act, if the trial court reviewing a petition determines a domestic abuse ex parte temporary protection order need not be issued, the court "shall immediately schedule an evidentiary hearing" on the petition to be held within 14 days, with notice given to the petitioner and the respondent. See Neb. Rev. Stat. § 42-925(2) (Supp. 2017). See, also, *Sarah K. v. Jonathan K.*, 23 Neb. App. 471, 873 N.W.2d 428 (2015) (if grounds do not exist for issuance of domestic abuse ex parte temporary protection order, court must schedule evidentiary hearing within 14 days).

However, for harassment protection orders sought under § 28-311.09, as in this case, the statutory scheme does not contain the same mandatory hearing language found in the

domestic abuse protection order statute set forth above. Rather, as noted previously, upon the filing of a petition and affidavit for a harassment protection order, "the court *may* issue a harassment protection order." § 28-311.09(1) (emphasis supplied). The statute does not mandate the issuance of such an order, nor does the statute require a hearing upon the court concluding the petition fails to state sufficient grounds for entry of an order. Additionally, the harassment protection order statute provides:

> If the specific facts included in the affidavit (a) do not show that the petitioner will suffer irreparable harm, loss, or damage or (b) show that, for any other compelling reason, an ex parte order should not be issued, the court *may* forthwith cause notice of the application to be given to the respondent stating that he or she may show cause, not more than fourteen days after service, why such order should not be entered.

§ 28-311.09(7) (emphasis supplied).

Section 28-311.09(7) grants the trial court the discretion to take further action when it determines an ex parte temporary protection order should not be issued; it does not mandate further action. The trial court may direct the respondent to show cause why an order should not be entered, but the court is not required to do so. If the face of the petition and affidavit fail to set forth a sufficient basis to warrant the issuance of a harassment protection order, the trial court may, in its discretion, dismiss the petition without burdening the court with holding an evidentiary hearing where the sole purpose is to prove up on the petition. Notably, a contested factual hearing in a protection order proceeding is a show cause hearing, in which the fact issues before the court are whether the facts stated in the sworn application are true. *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). Such proceedings are summary in nature, and a court is justified in excluding evidence if its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence; however, for a court to issue a protection order, some evidence must be presented. See *id*.

The Legislature has providently granted the trial courts the discretion to filter between those petitions and affidavits which properly allege facts qualifying for harassment protection under the statute from those alleging facts, even if presumed true, which fail to qualify for protection under the statute. This is certainly consistent with the notion that a trial court can summarily dismiss a petition on its own motion when "not a fact stated" entitles the party to the relief sought. *Van Etten v. Test*, 64 Neb. 407, 408, 89 N.W. 1052, 1053 (1902) (litigant's attempt to circumvent prior judgment against her by filing new action should have been summarily dismissed by trial court because such attempts "should not be permitted to burden courts or clog the wheels of justice").

[6,7] Accordingly, when a trial court determines an ex parte temporary harassment protection order is not warranted, an evidentiary hearing is not mandated under the harassment protection order statute like it is under the domestic abuse protection order statute. In harassment protection order proceedings, a trial court has the discretion to direct a respondent to show cause why an order should not be entered or, alternatively, the court can dismiss the petition if insufficient grounds have been stated in the petition and affidavit. Although the district court in this instance decided to grant Rosberg a hearing so he could offer evidence and make arguments to the court after the court's initial dismissal of Rosberg's petition, the harassment protection order statute did not require the court to hold such a hearing.

*Sufficiency of Allegations.*

Rosberg argues that "the evidence presented in the petition and the exhibits presented in the courtroom were sufficient allegations to call for a protection order hearing and most likely an immediate exparte [sic] protection order." Brief for appellant at 7.

As explained earlier, where there is no bill of exceptions, an appellate court is limited on review to an examination of the pleadings. See *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991). If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id*. We conclude that the pleadings are sufficient to support the district court's order, and therefore, we presume the evidence (exhibit 1) considered by the district court supported its decision to dismiss Rosberg's petition seeking a harassment protection order against Kelly.

We agree with the district court that the issues complained about by Rosberg do not rise to the type of conduct contemplated by the harassment protection order statute. As set forth previously, the inquiry is whether a reasonable victim would be seriously terrified, threatened, or intimidated by the perpetrator's conduct. *Richards v. McClure*, 290 Neb. 124, 858 N.W.2d 841 (2015). Rosberg's allegations about Kelly consist of her lying, allowing the children to be around a registered sex offender, letting the children do anything they want, preventing certain parenting time from taking place, denying the children's attendance at family weddings, disparaging Rosberg, and possibly "plant[ing] guns" on Rosberg to get him in trouble. Additionally, Rosberg claims that Kelly is "mentally sick" and should only have supervised parenting time. While Rosberg may very well have valid reasons to be concerned, upset, angry, or frustrated by the circumstances evolving in the course of his marriage dissolution, as noted by the district court, these are matters to be addressed in that separate action and not through a harassment protection order.

## CONCLUSION

The district court's February 28, 2017, order is affirmed.

Affirmed.