IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STANKO V. BREWER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


RUDY STANKO, APPELLANT,

V.

JEFF BREWER ET AL., APPELLEES.


Filed May 18, 2021.    No. A-20-868.


Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Rudy Stanko, pro se.

Jamian J. Simmons, Deputy Sheridan County Attorney, for appellees.


PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Rudy Stanko brought an action against Jeff Brewer, the Sheridan County sheriff, as well as members of the Sheridan County Board of Commissioners (collectively appellees), seeking declaratory judgment and injunctive relief primarily for conditions of his confinement in the Sheridan County jail. He appeals from an order of the district court for Sheridan County granting the appellees' motion to dismiss and dismissing his amended complaint for lack of jurisdiction because he was no longer confined at the Sheridan County jail, making his claims moot. Based on the reasons that follow, we affirm.

BACKGROUND

On June 22, 2020, Stanko began serving a 180-day sentence of incarceration in the Sheridan County jail for the offense of third degree assault. On September 3, Stanko filed an

- 1 -

amended complaint against "Jeff Brewer, Loren Paul, individually, and official capacity, Krotz, individually, and official capacity, and Messersmith, individually, and official capacity." The amended complaint sought declaratory judgment and injunctive relief based on conditions of his confinement. Specifically, the amended complaint requested the following relief by the district court: (1) immediately enjoin Brewer from "ignoring" certain alleged medical conditions Stanko suffered, such as painful kidneys, improper urination, a tooth ache, and lung cancer; (2) hold Brewer "in contempt with a fine for disobeying the court's order that [Stanko] be jailed in the Sheridan County Jail and not Scottsbluff and Dawson Counties"; (3) declare that Brewer violated Stanko's 8th Amendment right prohibiting cruel and unusual punishment by "ignoring [Stanko's] medical needs"; (4) declare the Sheridan County jail is "unconstitutional in violation of the 8th Amendment and Nebraska Jail Standards"; (5) enjoin all the appellees from "accepting people arrested by the Gordon Police force" in the Sheridan County jail until the capacity of the jail is expanded; (6) enjoin Brewer "from accepting more than 6 male prisoners until the capacity of the jail is expanded"; (7) enjoin Brewer from "further punishing and torturing" Stanko "by leaving the light turned on in the forty-eight (48) square foot cell, Twenty-four (24) hours a day, seven (7) days a week"; (8) declare Brewer is violating the cruel and unusual punishment clause of the 8th Amendment by not furnishing proper clothing (underwear) to the prisoners in the Sheridan County jail; (9) enjoin Brewer from "keeping, tracking and intercepting" mail "in violation of the 1st, 4th, 5th, and 14th Amendments"; (10) declare that "the forty-eight (48) foot cell needs to be expanded no less than twelve (12) feet"; (11) enjoin Brewer from holding prisoners in "the hole"; (12) enjoin Brewer from "retaliating and discriminating" against Stanko "by not having continual access to kiosk and the telephone"; and (13) declare the Sheridan County jail is in violation of the 8th Amendment and "order [the appellees] to comply with the 8th Amendment and the subsequent Nebraska Jail Standards."

Stanko's amended complaint did not allege that he suffered any specified damages or injury due to any alleged action or inaction of the appellees. It only included a statement which requested "punitive damages available to prisoners in civil right [sic] action" and that "the common law jury judge the punitive damages and the facts of this case and award the total proper damages, including mental anguish, mental suffering, pain, and distress."

The appellees filed motions to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b) alleging the amended complaint be dismissed based on lack of jurisdiction because the issues alleged were moot, among other reasons. A hearing on the appellees' motion to dismiss was held on October 13, 2020. There is no bill of exceptions filed in this case and therefore, we do not have a record of the hearing before us.

On November 20, 2020, the district court entered an order granting the appellees' motion to dismiss, and dismissing Stanko's amended complaint with prejudice. The court concluded that Stanko's amended complaint only sought declaratory judgment and/or injunctive relief and that such claims were moot because all claims dealt with actions or inactions related to Stanko's incarceration in the Sheridan County jail, and he had since been released from jail. The court noted that Stanko's sentence of incarceration was suspended on September 15, pending an appeal of his criminal case and he was released from jail and was free on bond. The court also stated that Stanko did not allege or seek specific damages, but, rather, was only asking the court to declare that certain actions or inactions violated certain laws. Further, the court found that it did not have jurisdiction

over Stanko's request to hold Brewer in contempt for disobeying the court's order that Stanko be jailed in the Sheridan County jail and not Scottsbluff or Dawson Counties because the order he alleged was being violated was ordered in a different case.

ASSIGNMENTS OF ERROR

Restated, Stanko assigns that the district court (1) erred in finding the claims alleged in the amended complaint were moot, or in the alternative, if said claims were moot, they should be considered under the "capable of repetition, yet evading review" exception; (2) erred in finding Stanko did not allege damages; and (3) the district court's dismissal ignored various facts that resulted in state and federal regulation violations and various constitutional violations.

STANDARD OF REVIEW

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018).

ANALYSIS

As previously mentioned, no bill of exceptions has been filed in this appeal. In the absence of a bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *Id.* Where there is no bill of exceptions, an appellate court is limited on review to an examination of the pleadings. *Id.* If they are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.* We conclude the transcript is sufficient for us to address Stanko's alleged errors.

Stanko first argues that the district court erred in finding that his claims in his amended complaint are now moot. The district court found that Stanko's claims were moot because they all related to conditions of his confinement in the Sheridan County jail and he was no longer confined.

An action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. *Nesbitt v. Frakes, supra*. A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights--i.e., a case in which the issues presented are no longer alive. *Id.* Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation. *Id.* Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction. *Id.* As a general rule, a moot case is subject to summary dismissal. *Id.*

In his amended complaint, Stanko requested the district court to enjoin Brewer from various actions and declare other actions or inactions by Brewer as violations of various state regulations and constitutional rights. As the district court found, the requested relief was either injunctive or declaratory in nature.

In regard to injunctions, the purpose of an injunction is to restrain actions that have not yet been taken. *Id.* The Nebraska Supreme Court has recognized that "'"injunctive relief is preventive,

prohibitory, or protective, and equity usually will not issue an injunction when the act complained of has been committed and the injury has been done."'" *Id.* at 6, 911 N.W.2d at 604. The Supreme Court has also said:

"'"'"Since the purpose of an injunction is not to afford a remedy for what is past but to prevent future mischief, not being used for the purpose of punishment or to compel persons to do right but merely to prevent them from doing wrong, rights already lost and wrongs already perpetrated cannot be corrected by injunction."'"'"

*Id.*

As previously stated, Stanko complains of conditions at the Sheridan County jail and asked that Brewer be enjoined from actions that allegedly violated his rights. At the time Stanko filed his amended complaint he was incarcerated in the Sheridan County jail. However, he was released from custody on September 15, 2020. Stanko is no longer subject to the conditions at the Sheridan County jail and no longer has a personal interest in the resolution of the issues. The acts complained of have been committed and any injury has been done and cannot be corrected by an injunction. Therefore, the injunctive relief he seeks has been rendered moot.

In addition to seeking injunctions in regard to jail conditions, Stanko also made various claims seeking declaratory judgment. A declaratory judgment action becomes moot when the issues initially presented in the proceedings no longer exist or the parties lack a legally cognizable interest in the outcome of the action. *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018). At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts. *Id.* A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement. *Id.*

The district court found that like Stanko's requests for injunctive relief, his requests for declaratory judgment were based on complaints related to the conditions of his confinement in the Sheridan County jail. Again, Stanko has been released from custody and is no longer confined in the Sheridan County jail. Accordingly, the issues no longer exist and Stanko lacks a legally cognizable interest in the outcome of the claims. The court also noted that he did not allege or seek specific damages but rather, was only asking the court to declare that certain actions or inactions violated certain laws. As previously stated, he only requested "punitive damages available to prisoners in civil right [sic] action" and that a jury determine and award "the total proper damages, including mental anguish, mental suffering, pain, and distress." As the district court stated, the relief he was requesting would not undo what he alleged had already happened and thus, any declaration by the court would be advisory. Declaratory relief cannot be used to obtain a judgment which is merely advisory. *Nesbitt v. Frakes, supra.* Accordingly, we agree with the district court that Stanko's requests for declaratory judgment are also moot.

Stanko does not contest that he is no longer confined in the Sheridan County jail, but claims that the issues in his amended complaint are "capable of repetition, yet evading review" and should be addressed as an exception to the mootness doctrine. In support of this contention, he argues that he is out of jail on a suspended sentence and that if his criminal appeal is not successful he "could likely be back in jail for the remainder of his suspended sentence." Brief for appellant at 4. Stanko also states that he lives in Sheridan County and "is an adversarial opponent of the local

establishment, i.e., the sheriff and commissioners, and is always being throw [sic] in their unconstitutional jail." *Id*. at 7.

An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. *Nesbitt v. Frakes, supra.* This exception requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Id.* An application of the public interest exception to the mootness doctrine is inappropriate when the issues presented on appeal do not inherently evade appellate review. *Id.*

Stanko has not demonstrated a reasonable likelihood that he will be subject to the housing conditions existing at the Sheridan County jail, as he is no longer residing in that facility. There is nothing in the record to indicate he will go back to jail if his criminal offense is affirmed and even if he would, there is nothing to indicate that the jail conditions and/or the actions or inactions of the appellees that he complains of would be the same. Similarly, if Stanko is returned to the Sheridan County jail for any other offense, there is no way of knowing that he would be subject to the same conditions of which he now complains. In other words, Stanko's contention that there is a possibility he could end up back in the Sheridan County jail at some point in the future is not sufficient for us to conclude that his claims are "capable of repetition, yet evading review." As a result, we decline to apply the public interest exception to Stanko's claims and we affirm the order of the district court dismissing Stanko's amended complaint as moot.

CONCLUSION

We conclude that the district court did not err in finding that Stanko's claims for injunctive relief and declaratory judgment are moot, as he is no longer subject to the jail conditions of which he complains. Accordingly, the district court's order is affirmed.

AFFIRMED.