Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/13/2021 08:08 AM CDT

Holly Jacobo, appellant, v.
Cole Zoltenko, appellee.

___ N.W.2d ___

Filed July 6, 2021.    No. A-20-906.

1. **Protection Orders: Injunction: Appeal and Error.** A protection order pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2020) is analogous to an injunction. Thus, the grant or denial of a protection order is reviewed de novo on the record. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court.
2. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.
3. **Protection Orders.** A petition for a domestic abuse protection order is statutorily required to be filed in the district court, although it can be heard by either a district court judge or a county court judge.
4. **Protection Orders: Jurisdiction: Venue.** Even though a court has subject matter jurisdiction to hear a request for a domestic abuse protection order, the defendant may file to transfer the action to a more appropriate venue.
5. **Protection Orders: Affidavits.** When a petition and affidavit for a domestic abuse protection order satisfy the requirements of Neb. Rev. Stat. § 42-924 (Cum. Supp. 2020), the court is required to issue an ex parte domestic abuse protection order or schedule an evidentiary hearing.

Appeal from the District Court for Box Butte County: Travis P. O'Gorman, Judge. Reversed and remanded for further proceedings.

Michelle M. Mitchell, of Legal Aid of Nebraska, for appellant.

Ashley K. Spahn, of Law Office of Ashley K. Spahn, L.L.C., for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Holly Jacobo (Holly) appeals the order of the Box Butte County District Court dismissing her petition for a domestic abuse protection order against Cole Zoltenko (Cole) on behalf of their son without an evidentiary hearing after it determined it lacked jurisdiction. Upon our de novo review of the record, we reverse the order of the district court and remand the matter for further proceedings.

## II. BACKGROUND

On October 19, 2020, Holly, pro se, filed a "Nebraska State Court Form" entitled "Petition and Affidavit to Obtain Domestic Abuse Protection Order" pursuant to Neb. Rev. Stat. § 42-924 (Cum. Supp. 2020) against Cole on behalf of the parties' 11-year-old son, N.Z. Her petition and affidavit alleged the following occurred on "10/11/2020 afternoon":

> [N.Z.] stayed overnight with a friend on the 10th. He and his friends were throwing rocks and [he] threw one at a kid and hit him in the head. One of the parents told [N.Z.'s] dad. When [N.Z.] got home, Cole started beating [him] with a leather belt on his bottom and the backs of his legs. Cole took [N.Z.'s] cell phone away so he couldn't call me and tell me what happened. [N.Z.] said the bruises were purple they were so bad. He showed some of his friends at school. [N.Z.] reported it to the principal at the school who did not report to CPS. When [N.Z.] got to my house (Holly's house) on Friday, [he] came in and said he had to show me something. The bruises were yellow

in color and I called CPS right away. They had me call
the Alliance PD. The PD took photos and then [N.Z.] was
interviewed at CAPstone. We also went to the doctor so
they could check him out. At the doctor's office, they took
pictures and measurements of the bruises. One of the offi-
cers recommended that we get a protection order to keep
[N.Z.] safe from his father. The police department also
recommended that I not return [N.Z.] to his father. On
Friday, after we talked to the PD, [N.Z.] laid in bed and
couldn't sleep, couldn't talk because he was so scared. He
said, "What if all of this goes through and nothing hap-
pens and I have to go back to my dad's?" [N.Z.] hasn't
been acting like my son. I was so mad and angry for my
son. On Sunday, we told Cole that [N.Z.] wasn't coming
back. [N.Z.] was so scared he didn't want to be home
after we told him. He kept saying, "What if he comes
down the road and sees us?" After Cole made contact with
the PD, they called me and said that they told Cole not to
have contact with us. Once I told [N.Z.] that, he calmed
down and felt better knowing he was safe.

Holly's petition and affidavit stated her address was in Alliance,
Nebraska (located in Box Butte County); stated N.Z.'s address
was in Stratton, Nebraska (located in Hitchcock County);
did not include an address for Cole; and stated that she and
Cole had been involved in past or current court cases, namely
"Custody—Minden, NE (Kearney County)." She requested to
have a district court judge preside over the protection order
proceeding. Holly asked the court to enter a protection order
granting her temporary custody of N.Z. for 90 days, along with
prohibiting Cole from engaging in certain specified behav-
iors. Holly also filed a "Nebraska State Court Form" entitled
"Protection Order Praecipe" on October 19 asking the clerk
of the Box Butte County District Court to have the sheriff
of Hitchcock County, Nebraska, serve Cole with "a copy of
the protection order and/or order to show cause, petition, and
request for hearing (if applicable)."

In an order entered that same day, October 19, 2020, the district court denied and dismissed Holly's petition without a hearing. The court stated: "The events alleged do not appear to have occurred in Box Butte County. Thus, this Court lacks jurisdiction. These matters should be dealt with in the pending custody proceeding in Kearney County, Nebraska."

On October 28, 2020, counsel entered an appearance in the matter on behalf of Holly. That same day, counsel filed a motion to alter or amend, asking the district court to "vacate its *Order Dismissing Petition Without Hearing* entered on October 19, 2020 and either grant an *ex parte* Domestic Abuse Protection Order, or in the alternative, to set the Petition for hearing as required in Neb. Rev. Stat. §§ 42-925(1) and 42-925(3)." (Emphasis in original.) Counsel alleged that, pursuant to Neb. Rev. Stat. § 25-403.01 (Reissue 2016), the court did have jurisdiction to enter the ex parte protection order or set the matter for hearing.

On October 29, 2020, Holly filed a praecipe for summons asking the clerk of the Box Butte County District Court to prepare a summons directing the sheriff of Hitchcock County to serve Cole at a "Home Address" in Stratton with a copy of the (1) petition and affidavit to obtain a domestic abuse protection order, (2) order dismissing the petition without a hearing, (3) entry of appearance, (4) motion to alter or amend, and (5) notice of hearing. Although nothing in the record before us shows that Cole was served, counsel did subsequently enter an appearance on his behalf.

When counsel entered an appearance as attorney of record in the case for Cole on November 9, 2020, Cole also filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and (2), claiming that the district court lacked subject matter jurisdiction and jurisdiction over Cole. He claimed that the allegations in the petition were alleged to have occurred in Hitchcock County, outside of Holly's presence, and that Holly's allegations were strictly hearsay. Cole further asserted that he and N.Z. resided in Hitchcock County and that therefore,

Box Butte County had no jurisdiction. Finally, Cole contended that Holly "is using this Petition to seek temporary custody of the minor child; this is an effort to usurp the Kearney County District Court's Order granting [Cole] primary physical and legal custody of the minor child."

On November 18, 2020, a hearing was held on Holly's motion to alter or amend and on Cole's motion to dismiss. At the hearing, Holly asked the district court to vacate its dismissal of her petition, challenging the dismissal on "two fronts." First, as to jurisdiction, Holly argued that protection orders are within the purview of the district court and that "this is perhaps a question of venue." Holly further argued that venue is not fatal to this case "since it's a personal right of . . . the respondent, it can be something that's waived." Second, the domestic abuse protection order statute "doesn't allow for straight-up dismissal, at least not without a hearing."

In its order entered on November 19, 2020, the district court denied Holly's motion to alter or amend.

Holly appeals.

## III. ASSIGNMENT OF ERROR

Holly assigns, consolidated, that the district court erred in dismissing her petition and affidavit to obtain a domestic abuse protection order after it determined that it lacked jurisdiction.

## IV. STANDARD OF REVIEW

[1] A protection order pursuant to § 42-924 is analogous to an injunction. Thus, the grant or denial of a protection order is reviewed de novo on the record. In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Robert M. on behalf of Bella O. v. Danielle O.*, 303 Neb. 268, 928 N.W.2d 407 (2019).

## V. ANALYSIS

Holly sought a domestic abuse protection order on behalf of her son pursuant to § 42-924, which states in relevant part:

(1)(a) Any victim of domestic abuse may file a petition and affidavit for a protection order as provided in this section. Upon the filing of such a petition and affidavit in support thereof, the court may issue a protection order without bond granting the following relief:

(i) Enjoining the respondent from imposing any restraint upon the petitioner or upon the liberty of the petitioner;

(ii) Enjoining the respondent from threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner;

(iii) Enjoining the respondent from telephoning, contacting, or otherwise communicating with the petitioner;

. . . .

(v) Ordering the respondent to stay away from any place specified by the court;

(vi) Awarding the petitioner temporary custody of any minor children not to exceed ninety days;

. . . .

(b) The petition for a protection order shall state the events and dates or approximate dates of acts constituting the alleged domestic abuse, including the most recent and most severe incident or incidents.

. . . .

(2) Petitions for protection orders shall be filed with the clerk of the district court, and the proceeding may be heard by the county court or the district court as provided in section 25-2740. . . .

. . . .

(5) If there is any conflict between sections 42-924 to 42-926 and any other provision of law, sections 42-924 to 42-926 shall govern.

"Abuse means the occurrence of one or more of the following acts between family or household members: (a) Attempting to cause or intentionally and knowingly causing bodily injury with or without a dangerous instrument; (b) Placing, by means of credible threat, another person in fear of bodily injury."

Neb. Rev. Stat. § 42-903(1) (Cum. Supp. 2020). And the phrase "family or household members" includes children. See § 42-903(3).

Holly filed the petition on behalf of N.Z., indicating her relationship to him was as "Mother of child." Earlier in this opinion, we set forth Holly's allegations. Her petition and affidavit satisfied the requirements of § 42-924 because it alleged an incident of domestic abuse between family or household members—she alleged that Cole "beat[]" his son, N.Z., with a "leather belt" on his "bottom and the backs of his legs" causing bruising on N.Z.

Neb. Rev. Stat. § 42-925(1) (Cum. Supp. 2020) provides for the issuance of an ex parte protection order if "it reasonably appears from the specific facts included in the affidavit that the petitioner will be in immediate danger of abuse before the matter can be heard on notice." If an order is not issued ex parte, "the court shall immediately schedule an evidentiary hearing to be held within fourteen days after the filing of the petition, and the court shall cause notice of the hearing to be given to the petitioner and the respondent." § 42-925(3). However, in this case, the district court denied and dismissed Holly's petition without a hearing, determining that because the events did not take place in Box Butte County, the court was without jurisdiction. We conclude the court erred in this determination, as we discuss next.

### 1. Jurisdiction

#### (a) Subject Matter Jurisdiction

[2] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019).

Pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2016), district courts have general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise

provided. Furthermore, § 42-924(2) states that petitions for domestic abuse protection orders shall be filed with the clerk of the district court and that the proceeding may be heard by the county court or the district court as provided in Neb. Rev. Stat. § 25-2740 (Cum. Supp. 2020). Section 25-2740 provides the county court with concurrent jurisdiction over certain matters delineated under § 25-2740(1), which specifically includes domestic abuse protection orders under § 42-924. And although a petition or complaint in the cases specified under § 25-2740 must be filed in the district court, it allows the filing party to request whether he or she wants the case to be heard by a county court judge or a district court judge. Holly requested her case to be heard by a district court judge.

[3] There is no question the district court had subject matter jurisdiction over this petition for a domestic abuse protection order. Such matters are statutorily required to be filed in the district court, although they can be heard by either a district court judge or a county court judge. The district court's decision to dismiss the petition may have been based more on what it perceived as an inappropriate venue. Pursuant to § 25-403.01:

> Any action, other than the actions mentioned in sections 25-401 to 25-403 [involving real estate and specific performance of land contract], may be brought (1) in the county where any defendant resides, (2) in the county where the cause of action arose, (3) in the county where the transaction or some part of the transaction occurred out of which the cause of action arose, or (4) if all defendants are nonresidents of this state, in any county. *When an action has been commenced in any other county, the court in which the action has been commenced shall have jurisdiction over the action, but upon timely motion by a defendant, the court shall transfer the action to the proper court in a county in which such action might have been properly commenced.* The court in the county to which the action is transferred, in its discretion, may

order the plaintiff or the plaintiff's attorney to pay to the defendant all reasonable expenses, including attorney's fees, incurred by the defendant because of the improper venue or in proceedings to transfer the action.

(Emphasis supplied.)

[4] Thus, under the plain language of the statutes above, the Box Butte County District Court had subject matter jurisdiction to hear and determine Holly's request for a domestic abuse protection order against Cole on behalf of their son, although Cole could have filed to transfer the action to a more appropriate venue. To the extent the district court's reference to it lacking "jurisdiction" was premised upon the lack of subject matter jurisdiction, it was in error.

### (b) Personal Jurisdiction

Personal jurisdiction is the power of a tribunal to subject and bind a particular person or entity to its decisions. *Carey v. City of Hastings*, 287 Neb. 1, 840 N.W.2d 868 (2013). Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011).

In this case, there was no opportunity to ensure proper service on Cole, because the district court dismissed Holly's petition for a domestic abuse protection order on the same day that it was filed. Based on the immediate dismissal of the petition, consideration of personal jurisdiction would have been premature at the time of the court's order on October 19, 2020.

### 2. Dismissal of Petition

Holly argues that the district court erred when it dismissed her petition without issuing an ex parte protection order or scheduling an evidentiary hearing. We agree.

[5] Once the requirements of § 42-924 are satisfied, an ex parte domestic abuse protection order should be issued or, alternatively, an evidentiary hearing should be scheduled. See § 42-925. Because the district court had subject matter

jurisdiction over the case and Holly's petition and affidavit satisfied the requirements of § 42-924, the court was required to issue an ex parte domestic abuse protection order or schedule an evidentiary hearing. See, also, *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018) (comparing mandatory language found in domestic abuse protection order statute with discretionary language of harassment protection order statute). The court's failure to issue an ex parte domestic abuse protection order or otherwise schedule an evidentiary hearing was in error. We therefore reverse the court's dismissal of the petition and remand the matter for further proceedings.

### 3. Mootness

We take a moment to address Cole's argument that the issue in this case is now moot. He argues:

> At the hearing [on Holly's motion to alter or amend and on Cole's motion to dismiss] held on November 18, 2020, Counsel for Cole advised the Court that the minor child was no longer in Box Butte County as he had been returned to Cole by order of the Kearney County District Court. The circumstantial evidence is clear that law enforcement, Child Protective Services, and the Kearney County District Court determined there was no safety concern.

Brief for appellee at 8. Cole's argument would require us to consider matters outside of the record before us and/or to speculate that a safety determination was made. What is apparent from our record is that no evidentiary hearing was held on Holly's petition, and there is no indication that the merits of such petition were considered; the court simply dismissed the petition for lack of jurisdiction, and we have already determined that such dismissal was in error.

Cole also points out that several months "have expired from the date that Holly applied for this protection order" on October 19, 2020. *Id.* However, the passing of several months does not make this case moot, because protection orders issued pursuant to § 42-924 are effective for 1 year. See § 42-924(3)(a).

If a protection order would have been issued in this case, it would have been effective until October 19, 2021, a date that has not yet come to pass.

## VI. CONCLUSION

For the reasons stated above, we reverse the order of the district court dismissing Holly's petition and affidavit for a domestic abuse protection order against Cole on behalf of their son, N.Z., and we remand the matter for further proceedings.

Reversed and remanded for
further proceedings.