IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WELCH V. WELCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BRENDAN M. WELCH, APPELLANT,

V.

ARTHUR F. WELCH III AND DEBORAH WELCH, APPELLEES.

Filed November 26, 2024.    No. A-23-864.

Appeal from the District Court for Greeley County: KARIN L. NOAKES, Judge. Affirmed.

Brendan M. Welch, pro se.

No appearance for appellees.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Brendan M. Welch, pro se, appeals the decision of the Greeley County District Court that denied and dismissed his petition for a harassment or domestic abuse protection order against his parents, Arthur F. Welch III and Deborah Welch. We affirm.

## BACKGROUND

On October 6, 2023, Brendan filed a petition and affidavit to obtain a harassment protection order against Arthur and Deborah on behalf of himself and Welch Racing LLC; handwritten below the title of the pleading was "use as a Hybrid Domestic Abuse; Domestic Violence and Assault are involved in this." On the portion of the pleading asking for a "brief but detailed description" of the "most recent series of acts and the most severe incident or incident(s) of harassment" (emphasis omitted), Brendan included the following:

A. Date/Time: <u>9/25/2023; Unsure of time</u> Description:

Arthur . . . did aggressively run up the stairs; throw my phone in the same manner and then proceed to get hostile and aggressive; subsequently attacking me and lunging with closed fists raised; malice and anger in his eyes. He then proceeded to assault me; simultaneously committing domestic violence against me before I pushed him back with my feet and scrambled to keep distance; despite the limited space and no way to escape or flee without risking or being struck with further confrontation and assault. I was in the upstairs bedroom located at [address] and these events caused me to decide to sever ties with those members of my family and never return; except to retrieve my legal property and possessions that I am unable to transport in the SUV.

B. Date/Time: 7/10/2023-9/25/2023 Description:

Arthur . . . and his wife[,] Deborah . . . constantly harass, intimidate and/or annoy me. They do so by asking me about court matters that do not involve them; such as the pending civil matters for defamation and other crimes. They do not respect privacy; as they have given out my number to people without authorization or permission . . . . They abuse the privilege of knowing my private cell phone number; due to the amount of times and frequency they have called me this year and in the past. . . . They continuously harass me and try probing me in order to get my new numbers; which they are not getting due to their actions and treatment of me.

C. Date/Time: March 20th, 2020-7/9/2023 Description:

Arthur . . . and Deborah . . . have called over 200 times; disrupting my peace; getting me in trouble at work or during training; even calling multiple times while I am driving and leaving nasty, aggressive and harassing voicemails. All of the calls had no legitimate purpose and I have told the defendants to leave me alone; lose my number; stop calling me while I am work [sic]; stop calling when I am training with the trucks and stop calling or [t]exting when I am shut down. They have also attempted to put me in harms way and cause reckless endangerment by texting when I am working or driving at construction sites or hauling. I have the right to peace and be free of violations of privacy or harassment. They do not listen. They have even argued with me over my travels. Further arguments and harrassment [sic] have been over my training in 2020 in Utah; Hauling Jobs from April to November 2020; Racing and business related travel or investments. They are not reasonable or rational. They have ASPD.

On October 10, 2023, the district court issued an "Order to Show Cause Harassment," setting a hearing for October 23. The order stated that "the respondent may appear and show cause, if any there be, why a Harassment Protection Order should not be issued as requested by the petitioner(s)." It further stated, "A court, on its own motion or at the request of the petitioner, may treat a petition for a harassment protection order as a petition for a . . . domestic abuse protection order if it appears from the facts that such other protection order is more appropriate." The order also contained the following: "NOTICE TO PETITIONER(S): You must appear at the place, date and time shown to show cause why a Protection Order should be entered. Failure to appear may result in the Protection Order not being issued." (Emphasis omitted.)

On October 17, 2023, Brendan filed a motion for continuance. He alleged that he needed more time to prepare, needed an attorney, and "[did] not have the funds nor the means to get to

Greeley for in person hearing"; Brendan stated that he was "in a severe car crash that totaled the SUV . . . [which] was deemed a total loss on October 6." That same day, Brendan filed a "Motion to Appear Remotely File Leave for Remote hearing for my safety." He requested a "remote or video hearing and to appear remotely . . . in the event I am not represented by an attorney or if the continuance is denied or overruled." Brendan alleged the following.

> Plaintiffs have better use of their time by appearing remotely on video for the hearing; rather than travelling 4 hours or more to appear in person for the evidentiary hearing.

> Plaintiffs have multiple problems that need to be tended to and appearance by counsel or by video conference would be the best use of the Plaintiffs time; so Plaintiff can continue to attempt to do business or look for a Job to alleviate some problems such as the severe financial crisis. As my financial affidavit shows or will show; I have no income and no money at present.

Brendan also filed an affidavit in support of his motions to continue and to appear remotely, wherein he gave further details about his car accident and resulting health and transportation issues.

Also on October 17, 2023, Brendan filed an "Affidavit in Support of Harassment and Domestic Violence Protection Order; Introduction of Federal and/or State Criminal law violations. Motion to Continue." In said filing, he set forth additional allegations of ongoing harassment against Deborah. He also included a history of grievances he had against Arthur and Deborah. Brendan also stated he "may need an expert witness or to subpoena my own psychologist; as there is pschyological [sic] aspects and elements involved and active in this matter," "which is another reason I asked for a continuance." On October 18, Brendan filed a "Motion to Exclude/Motion in Limine Continue," to "present . . . facts and statements to be excluded or considered for the previously filed motion to continue."

On October 19, 2023, the district court denied Brendan's motions to continue, motion to exclude, motion in limine, and motion to appear remotely.

On October 20, 2023, Brendan filed another motion for continuance, alleging he was unable to participate in the hearing set for October 23 because "I am stuck here and stranded; in a severe financial crisis; have a right to be free of abuse; assault and rights to a fair trial."

The show cause hearing was held on October 23, 2023, but Brendan did not appear at the hearing. The district court noted that Brendan "faxed another motion to continue" on October 20; the court said it was "going to deny that motion." No evidence was adduced at the show cause hearing. Arthur, the only person appearing at the hearing, engaged in a discussion with the court; Arthur was not sworn in by the court. Arthur informed the court that Brendan was 35 years old and had been "diagnosed with Asperger's Syndrome, which is a form of Autism," and had other mental health diagnoses as well. Arthur recounted the care and support he and his wife provided to Brendan, including financial support. Arthur and his wife even paid Brendan's legal fees for criminal charges in another state and continued to incur expenses keeping him out of legal trouble in Nebraska. "We've support [sic] completely." Brendan "charged us with kidnapping," but "we got that resolved." "[I]t's just escalated one thing to another." Arthur stated that Brendan "formed an LLC, so he thinks he has a business, but he doesn't even have a vehicle to race." "He's got charges against a bunch of people that were trying to help him out at the racetrack and," "I don't know, he probably has eight or ten." "I mean, he's suing Mark Zuckerberg on Facebook." The

court informed Aruthur that it was "going to dismiss this." The court's written order entered that same day reflects that Brendan did not appear and no evidence was adduced. The court ordered that the harassment protection order requested on October 6 was denied and the petition was dismissed.

Brendan appeals.

## ASSIGNMENTS OF ERROR

Brendan assigns, summarized and restated, that the district court erred by (1) having the hearing when he was not present, thereby violating his right to due process; (2) allowing irrelevant testimony, ex parte communications, and an ex parte hearing; (3) dismissing his petition; and (4) "denying and rejecting [his] Motions for Reconsideration/Rehearing and Motion/Application for New Trial."

## STANDARD OF REVIEW

The grant or denial of a protection order is reviewed de novo on the record. *Diedra T. v. Justina R.*, 313 Neb. 417, 984 N.W.2d 312 (2023). In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. *Id.*

## ANALYSIS

### DUE PROCESS

Brendan claims that his due process rights were violated because he was not given the opportunity to be heard.

Harassment protection orders are governed by Neb. Rev. Stat. § 28-311.09 (Cum. Supp. 2022). Domestic abuse protection orders are governed by Neb. Rev. Stat. § 42-924 et seq. (Reissue 2016, Cum. Supp. 2022, and Supp. 2023). When a party seeks a protection order and the trial court does not issue an ex parte temporary protection order, an evidentiary hearing before dismissal of a petition is discretionary for harassment protection orders, but mandatory for domestic abuse protection orders. See *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). See, also, § 28-311.09(7) (upon filing of petition and affidavit, court *may* issue harassment protection order); § 42-925(3) (if order under § 42-924 is not issued ex parte, court shall immediately schedule evidentiary hearing within 14 days after filing of petition).

Brendan filed a petition and affidavit for harassment or domestic abuse protection order on October 6, 2023. The district court did not enter an ex parte protection order, but a hearing on the matter was set for October 23. The court's order setting the hearing for October 23 contained the following: "NOTICE TO PETITIONER(S): You must appear at the place, date and time shown to show cause why a Protection Order should be entered. Failure to appear may result in the Protection Order not being issued." (Emphasis omitted.) Brendan's requests for the court to "continue the matter scheduled for 10/23/2023" were denied. A hearing was held on October 23, but Brendan did not appear at the hearing.

Brendan clearly had notice and an opportunity to be heard regarding his petition and affidavit for a protection order. However, he failed to appear at the scheduled hearing. Despite his claims to the contrary, Brendan's due process rights were not violated.

Brendan also argues, but did not assign, that the district court erred by denying his motions to continue. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party assigning the error. *Uhrich & Brown Ltd. Part. v. Middle Republican NRD*, 315 Neb. 596, 998 N.W.2d 41 (2023). That said, a court's grant or denial of a continuance is within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *In re Interest of Noah C.*, 306 Neb. 359, 945 N.W.2d 143 (2020). We find no such abuse of discretion here.

### IRRELEVANT TESTIMONY AND EX PARTE COMMUNICATIONS AND HEARING

Brendan claims the district court erred by allowing irrelevant testimony, ex parte communications, and an ex parte hearing. His claims relate to the hearing held on October 23, 2023, at which he was not present. As stated above, Brendan had notice of the October 23 hearing, but he did not appear at that hearing despite not having been granted a continuance. The court did converse with Arthur, who was present at the hearing. But we see no reason, and Brendan cites us to no authority, that the court's conversation with a party at a scheduled hearing should be precluded simply because the other party failed to appear. Furthermore, despite Brendan's claims to the contrary, the court did not allow "irrelevant testimony." Arthur was not sworn in at the hearing, thus anything he said to the court was not "testimony." And the court's order dismissing Brendan's petition clearly states that "no evidence was adduced."

### DISMISSAL

Given that Brendan failed to appear at the hearing on October 23, 2023, and no evidence was adduced at the hearing, his petition for a protection order was properly dismissed.

### MOTIONS FOR RECONSIDERATION, REHEARING, OR NEW TRIAL

Brendan claims that, "On or about the dates of October 30th and November 8th . . . the court and clerk-magistrate . . . conspired against [my] rights and did not file nor give the reconsideration hearing and new trial requested by me" and "[i]nstead, the documents were returned to me." Brief for appellant at 46.

There is nothing in the record before us to support Brendan's claim that he attempted to file documents that were not filed by the court or the clerk magistrate. Moreover, we note that Brendan's notice of appeal was filed on October 30, 2023. Thus, the district court would not have had any jurisdiction over the alleged subsequent filings in this case. See *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020), *supplemented by* 308 Neb. 749, 957 N.W.2d 138 (2021) (Nebraska case law generally holds that once appeal has been perfected, lower court is divested of its subject matter jurisdiction over that case.)

### CONCLUSION

For the reasons stated above, we affirm the order of the district court denying and dismissing Brendan's petition for a protection order.

AFFIRMED.